## C. F. Murray v. The State.

### No. 4075. Decided June 9, 1909.

**1.—Local Option—Intoxicating Liquors—Charge of Court.**

Where upon trial for a violation of the local option law the court charged that if the beverage in question contained sufficient alcohol to produce intoxication when drunk in reasonable quantities such as the human stomach will ordinarily hold, that it was an intoxicant, there was no error.

**2.—Same—Evidence—Hearsay.**

Upon trial for violation of the local option law, it was reversible error to permit a witness to testify that he heard that certain parties had called upon defendant and requested him to close up his business of selling frosty.

**3.—Same—Intoxicant—Charge of Court.**

Upon trial for violation of the local option law, the court erred in instructing the jury that if the alleged liquor produced any degree of intoxication, or contained the elements of an intoxicant in quantities sufficient to produce intoxication to find the defendant guilty. This was not a correct definition of an intoxicant.

**4.—Same—Charge of Court—Weight of Evidence.**

Where upon trial of a violation of the local option law the court assumed in his charge that the defendant had sold a drink and that the same was intoxicating, the same was error.

Appeal from the County Court of Fisher.  Tried below before the Hon. J. D. Barker.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is a conviction for violating the local option law, the punishment being assessed at a fine of $25 and twenty days in the county jail.

Bill of exceptions No. 1 complains of the following charge of the court: "You are further instructed that any liquor intended for use as a beverage and capable of being so used which contains alcohol either obtained by fermentation, or by the additional process of distillation in such proportion that it will produce intoxication when drunk in reasonable quantities, such as the human stomach will ordinarily hold is an intoxicant." This charge is correct. The mere fact that it may have contradicted something else in the charge would not be an objection to a correct charge.

Bill No. 2 shows that the court permitted the State to prove by Levi McCollum that he remembered the time some ladies called on defendant at his place of business and requested him to close up his place of business as to the sale of frosty. Appellant objects to the evidence on the ground that same was hearsay; that the evidence of the ladies would have been the best evidence to prove the fact, if it was a fact. This testimony was highly prejudicial and hearsay testimony. If the witness had been present when appellant was told that the stuff that he was selling, called frosty, was an intoxicant, he could testify to the fact of hearing some one make to appellant this statement, but he certainly could not testify that he heard that certain ladies went down to appellant's place of business and told him this fact, because this testimony would be rank hearsay.

Bill of exceptions No. 3 complains of the following charge: "Gentlemen of the jury, the law does not recognize any degree in intoxicants, and any alcoholic liquor which will produce intoxication in any degree, in law, would be intoxicating liquors. Now, if you believe from the evidence beyond a reasonable doubt that said C. F. Murray sold to G. W. Martin a liquor, as is alleged in the information, and that said liquor so sold produced any degree of intoxication in said G. W. Martin, or contained the elements of an intoxicant in quantities sufficient to produce intoxication, and that the said C. F. Murray knew that said liquor would produce or contained the elements of an intoxicant in quantities sufficient to produce intoxication,

then in that event the defendant would be guilty and you should so find." The above charge is erroneous. In order to be an intoxicant under the local option law it must come within the definition of an intoxicant, as complained of in bill of exception No. 1, and the fact that the prosecuting witness became intoxicated is not the test, or that it produced any degree of intoxication in said prosecuting witness is not the test. It must contain such a quantity of alcoholic stimulants as to produce intoxication when taken in such quantities as may be reasonably drunk by a human being.

Bill No. 5 complains of the following charge: "You are further charged in this case that if you believe from the evidence in this case, that the drink sold in this case was intoxicating," assuming that defendant had sold a drink and that the same was intoxicating. The court should state the charge so as not to charge on the weight of the evidence.

For the errors pointed out the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>